******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALLIED ASSOCIATES *v.* Q-TRAN, INC.
(AC 37100)

Alvord, Prescott and Mullins, Js.

*Argued March 14—officially released May 3, 2016*

(Appeal from Superior Court, judicial district of
Fairfield, Housing Session at Bridgeport, Rodriguez, J.)

*Raymond W. Ganim*, for the appellant (plaintiff).

*Robert D. Russo*, for the appellee (defendant).

*Opinion*

PRESCOTT, J. In this action alleging that the defendant, Q-Tran, Inc., breached a lease agreement, the plaintiff, Allied Associates, appeals from the judgment of the trial court dismissing the case for lack of subject matter jurisdiction on the ground that the plaintiff lacked standing to initiate it. The plaintiff effectively concedes that it did not have standing to initiate the action because it did not own the leased premises at the time that the action was commenced, but argues that the court improperly denied its motion, brought pursuant to General Statutes § 52-109, to substitute the plaintiff with the owner of the leased premises. We reverse the judgment of the court and order that it conduct a new hearing on the plaintiff's motion to substitute.

The following procedural history is relevant to this appeal. The plaintiff initiated this action in 2009 and alleged that it was the owner of commercial real property located at 304 Bishop Avenue in Bridgeport. The plaintiff asserted in its complaint that on February 1, 2000, it had entered into a written agreement with the defendant to lease the property and that the defendant had breached the lease agreement by failing to pay rent and to repair and maintain the premises as required by the lease. The plaintiff's operative complaint sought damages and attorney's fees.[1]

The plaintiff attached a copy of the lease to its complaint. Although the complaint did not describe or indicate the plaintiff's nature or form of organization, the attached lease indicated that it was a Connecticut general partnership.

On December 11, 2013, the defendant filed a motion to dismiss the action for lack of subject matter jurisdiction. In its motion and supporting memorandum, the defendant asserted that the plaintiff lacked standing to bring the action because: (1) the plaintiff had failed to allege that it is a limited liability company, corporation, or other type of registered business and instead is simply doing business under a trade name; and (2) the plaintiff had no legal interest in the property because, prior to the initiation of the action, it had conveyed the property on October 23, 2001, to Bishop Allied Associates, LLC (Bishop).

On January 17, 2014, the plaintiff filed a motion, pursuant to § 52-109 and Practice Book § 9-20, requesting that Bishop be substituted as the plaintiff. In that motion, the plaintiff asserted that: (1) it was a general partnership at the time that it entered into the lease and at the time that the action was commenced; (2) on October 23, 2001, it quitclaimed its interest in the leased premises to Bishop; (3) after it had transferred its interest to Bishop, it continued to manage the property as a sublandlord of Bishop; (4) "[t]hrough error, this action

was initiated in the name of the [plaintiff], the sublandlord which owned [Bishop], but did not have a direct ownership in the property"; (5) on December 31, 2011, the plaintiff merged into Bishop; and (6) as a result of the merger, all assets of the plaintiff became the assets of Bishop.

The plaintiff also filed an objection to the motion to dismiss. In its objection, the plaintiff asserted that it had standing to maintain the action because, by operation of law, it constitutes a Connecticut general partnership and that General Statutes § 34-328 authorizes an action in the name of a partnership. The plaintiff also asserted the following: "Although the named Plaintiff partnership conveyed legal title to the property to a wholly owned limited liability company, the Plaintiff's status remained that of a sublessor through the time of the merger between the Allied Associates, the general partnership, and Bishop Allied Associates, the limited liability company, which occurred on December 31, 2011. As a sublessor, the Allied Associates retained a legal and equitable right in the lease."[2]

On July 28, 2014, the court issued a written memorandum of decision denying the plaintiff's motion to substitute and, in turn, granting the defendant's motion to dismiss. In its decision, the court first concluded that the plaintiff was a general partnership at the time the action was commenced, and, as a valid legal entity, had the authority to bring the action in the name of Allied Associates. The defendant has not challenged this determination by way of an alternative ground for affirmance.

The court, however, concluded that the plaintiff lacked standing at the time that the action was initiated because it had no legal interest in the property. The court, therefore, turned to the issue of whether the plaintiff's lack of standing could be cured, pursuant to § 52-109, by permitting the substitution of Bishop as the party plaintiff in the case. Section 52-109 provides: "When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute to do so, allow any other person to be substituted or added as plaintiff."

In deciding whether substitution should be permitted in this case, the court relied on existing Supreme Court precedent, particularly *Kortner* v. *Martise*, 312 Conn. 1, 12–13, 91 A.3d 412 (2014), citing *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 297 Conn. 105, 151–52, 998 A.2d 730 (2010), for the appropriate standard to be employed in analyzing the plaintiff's motion. Our Supreme Court in *Kortner* and *DiLieto* concluded that the term "mistake" as used in § 52-109 means "an honest conviction, entertained in good faith and not resulting from the plaintiff's own negligence that she is

the proper person to commence the [action]." (Internal quotation marks omitted.) *Kortner* v. *Martise*, supra, 12.

After applying that standard to the plaintiff's motion and the underlying facts, the trial court concluded that the plaintiff's "failure to file this action under the correct party name or move to substitute the correct party plaintiff until January 17, 2014, constitutes negligence" and, thus, did not constitute a "mistake" within the meaning of § 52-109. Accordingly, the court denied the motion to substitute and dismissed the action for lack of subject matter jurisdiction because the plaintiff lacked standing. This appealed followed.

After the parties had filed their briefs with this court but shortly before oral argument, our Supreme Court issued its decision in *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535,      A.3d      (2016).[3] In *Fairfield Merrittview Ltd. Partnership*, the court stated the following regarding the meaning of the term "mistake" in § 52-109: "In *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, [supra, 297 Conn. 151,] we stated, in dicta, that [u]nder § 52-109, substitution is permitted only when the trial court determines that the action was commenced in the name of the wrong plaintiff through mistake, which properly has been interpreted to mean an honest conviction, entertained in good faith and not resulting from the plaintiff's own negligence that she is the proper person to commence the [action]. As authority for that proposition, which finds no support in the language of the statute or our jurisprudence preceding *DiLieto*, we cited a Superior Court decision that in fact rejected the recited definition of mistake as too limiting and, practically, too difficult to apply, especially given the ameliorative purpose of § 52-109. . . . Upon further reflection, we agree, and hold that the term mistake, as used in § 52-109, should be construed in its ordinary sense, rather than as connoting an absence of negligence. . . . [T]he ordinary understanding of that term is more expansive and, thus, seems more congruent with the remedial purpose of § 52-109. . . . Specifically, Black's Law Dictionary (9th Ed. 2009) defines mistake, in relevant part, as: An error, misconception, or misunderstanding; an erroneous belief. Merriam–Webster's Collegiate Dictionary (10th Ed. 1993) defines mistake as: 1: [A] misunderstanding of the meaning or implication of something. 2: [A] wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention . . . . The American Heritage Dictionary (2d College Ed. 1985) defines mistake, in relevant part, as: 1. An error or fault. 2. A misconception or misunderstanding." (Citations omitted; internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 553 n.21.

Although the trial court reasonably relied upon the meaning of "mistake" as being the absence of negli-

gence as articulated in *DiLieto* and *Kortner*, our Supreme Court has since clarified that the term "mistake" as used in § 52-109 does not mean the absence of negligence. Because the trial court denied the motion on the basis of its finding that the plaintiff had been negligent by filing the action in its name rather than in Bishop's name, we conclude that the judgment must be reversed and the case remanded to the trial court to consider the plaintiff's motion to substitute in light of the clarified standard set forth in *Fairfield Merrittview Ltd. Partnership.*

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The complaint did not seek to evict the defendant because, according to our review of the record, the defendant allegedly vacated the premises prior to the expiration of the lease.

[2] The plaintiff subsequently filed an affidavit with supporting documents in support of the factual representations it made in its motion to substitute and its objection to the motion to dismiss.

[3] Prior to oral argument, we ordered the parties to be prepared at argument to address the applicability of *Fairfield Merrittview Ltd. Partnership* to this appeal.